GARDNER v. GARDNER.

(*Jackson.* April 14, 1900.)

1. MARRIAGE AND DIVORCE. *Cruel and inhuman treatment as ground for divorce.*

It constitutes such cruel and inhuman treatment as justifies the granting of a divorce to the wife, for the husband, a man of inordinate lust, to compel her, a woman of delicate health, by threats, to submit to abnormal sexual intercourse, in violation of the laws of nature and decency, and to the serious impairment of her health. Personal violence is not essential, but if it were, such acts constitute it.

Cases cited: 63 Minn., 212; 27 N. J. Eq., 71; 41 L. R. A., 802.

2. SAME. *Wife is a competent witness.*

And in a suit for divorce for cruel and inhuman treatment of the wife, she is a competent witness in her own behalf, to prove any facts that constitute, in law, such treatment.

Cases cited: Malone v. Malone (memorandum opinion).

3. SAME. *Husband's admissions competent.*

In a suit for divorce for cruel and inhuman treatment of the wife, the husband's admissions, or conversations, relating to the treatment of his wife, are competent evidence on her behalf.

---

FROM WEAKLEY.

---

Appeal from Chancery Court of Weakley County. JNO. S. COOPER, Ch.

T. K. REYNOLDS for Complainant.

No counsel appeared for defendant.

McALISTER, J. This is a bill for divorce preferred in the Chancery Court of Weakley County, in which Susan Gardner seeks a dissolution of the bonds of matrimony upon the ground of cruel and inhuman treatment, on the part of her husband. The specifications of the bill are that the defendant is a man of inordinate lust, and by threats has compelled complainant to submit to abnormal sexual intercourse. Complainant alleges that she is a delicate woman, and this fact was known to defendant at the time of their marriage, and that her health has been seriously impaired by said cruel and inhuman treatment. That complainant finally refused to submit to such excessive indulgence, whereupon the defendant threatened her life, and thereby forced her to withdraw from his dominion and control. The Chancellor on the hearing refused to permit complainant to testify to the treatment of her husband in forcing her to submit to such immoderate sexual intercourse, upon the ground that such an inquiry would be against public policy. The Court also refused to permit another witness to prove conversations had with the defendant husband on the subject. Complainant excepted to the ruling of the Chancellor, and presented the objection by bill of exceptions show-

Gardner v. Gardner.

ing that this proof would have been made if the witness had been permitted to testify.

The Chancellor upon final hearing dismissed the bill. Complainant appealed.

The first assignment of error is that the Court erred in refusing to permit complainant to testify in respect of the course of treatment inflicted upon her by the defendant.

This assignment is well taken. It is now well settled by this Court that cruel and inhuman treatment within the meaning of the statute is not confined to acts of personal violence, but includes such treatment as endangers the wife's health and renders cohabitation intolerable.

In 5 Am. & Eng. Enc. L. (old ed.), page 799, it is said: "Cruelty as a cause of divorce is the willful, persistent causing of unnecessary suffering, whether in realization or apprehension, whether of body or mind, in such a way as to render cohabitation dangerous and unendurable."

On page 794, same work, it is said, viz.: "But excessive intercourse may be cruelty, or intercourse where the wife's health is delicate." In *English* v. *English,* 27 N. J. Eq., 71, a decree of divorce from bed and board was made on the ground of extreme cruelty, consisting mainly in gross abuse by the husband of his marital rights." *McMahon* v. *McMahon,* 41 L. R. A., 802. "A divorce will be granted to a wife under parliamentary acts, where the common laws of nature

Gardner *v.* Gardner.

and decency has been outraged by the husband in compelling his wife to submit to incessant and abnormal sexual intercourse which has prostrated her nervous system, and, if persisted, in will endanger her life." *Marks* v. *Marks,* 63 Minn. Rep., 212.

The Chancellor was in error in refusing to permit the wife to testify on this subject. The practice is now well settled by this Court that husband and wife are competent witnesses in divorce proceedings, and may testify in respect of any acts of cruelty offered the one by the other. *Malone* v. *Malone,* Knoxville, September Term, 1898.

The Chancellor was also in error in excluding the testimony of Eliza Hodges in reference to the conversation she had with defendant respecting his treatment of complainant.

It results that the decree is reversed, and the cause remanded.