EMMETT RANDOLPH BABER

*v.*

KATHERINE JULIA BABER.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

JOSEPH W. ROGERS, Knoxville, for appellant.

W. C. SKAGGS, JR., Knoxville, for appellee.

682

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a divorce suit which was disposed of by demurrer in the lower court, the effect of which was to dismiss the bill.

The determinative issue in this appeal is whether the acts which were committed within the State of Tennessee were sufficient.

The acts complained of which occurred in this State took place on December 2, 1958, at the Tate Motel on Clinton Highway in Knox County, about 2:00 a.m., wherein the complainant, husband, avers that an argument took place in a motel room to which the defendant had followed the complainant from Maryland.

It is averred that during the course of the argument the defendant "admitted that she had been having an affair with another man."

The question of whether or not an admission of adultery on one occasion in private, without witnesses, which merely confirmed a suspicion the complainant avers he adready harbored, constitutes such cruel and inhuman treatment as would allow the complainant a divorce in this State.

Cruel and inhuman treatment in this State is a wilful, persistent and continuing course of abusive and humiliating treatment of one spouse by another, as in the case of a course of conduct calculated to torture complain-

ing spouse's mental or emotional state or bodily health. *Meeks v. Meeks,* 27 Tenn.App. 279, 179 S.W.2d 189.

In *Schwalb v. Schwalb,* 39 Tenn.App. 306, 282 S.W.2d 661, 672, it was said:

"As to whether or not the acts and conduct of defendant constituted cruel and inhuman treatment within the meaning of our divorce laws, we think the authorities are clear. In Tennessee, cruelty as a cause of divorce is the willful, persistent causing of unnecessary suffering, whether in realization or apprehension, whether of body or mind, in such a way as to render cohabitation dangerous and unendurable. *Gardner v. Gardner,* 104 Tenn. 410, 412, 58 S.W. 342; *Russell v. Russell,* 3 Tenn.App. 232, 245; *Meeks v. Meeks,* 27 Tenn.App. 279, 285, 179 S.W.2d 189."

In the case before us there is an allegation of one admission in Tennessee of adultery which occurred in another State.

In 17 Am.Jur. 543, Sec. 420, it is said:

"Sec. 420.—Corroboration of Admissions or Confessions.—While, in the absence of statute, there is no general principle of law which precludes the granting of divorce on the uncorroborated testimony of the parties, most courts hold that the uncorroborated admissions or confessions of the cause for divorce made by the respondent are insufficient evidence to warrant a decree, at least unless the ideas of collusion and coercion are clearly negatived. In many states the statutes expressly provide that a divorce shall not be granted upon the mere admissions or confessions of the guilty party.

"The rule requiring corroboration is particularly applicable where a divorce is sought on the ground of adultery. In fact, language is employed in some cases indicating that its operation is limited to adultery cases, but in other jurisdictions the rule includes confessions and admissions of other offenses, such as cruelty and desertion.

"Many of the authorities supporting the general rule requiring corroboration of an admission or confession as a ground of divorce regard the rule as an absolute one based upon consideration of public policy and applicable even though the circumstances attending the confession or admission in the particular case convincingly negative the ideas of collusion and falsity."

The admission in this case is admittedly uncorroborated because the bill shows on its face that it was made in private.

We find no error in the decree of the Court below and it is affirmed.