**Nancy Page WHITAKER,
Plaintiff–Appellee,**

**State of Tennessee, Intervenor,**

**v.**

**James Meredith WHITAKER,
Jr., Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 22, 1997.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 6, 1997.

Stephen R. Leffler, Memphis for Plaintiff–Appellee.

James Meredith Whitaker, Jr., pro se.

Charles W. Burson, Attorney General and Reporter, William Ashby Smith, Jr., Assistant Attorney General, for State.

**CRAWFORD, Presiding Judge, Western Section.**

This is a divorce case. Defendant, James Meredith Whitaker, Jr. (Husband), acting *pro se*, appeals the decision of the trial court granting a divorce to plaintiff, Nancy Page Whitaker (Wife), and awarding her custody of the parties' children.

The parties were married on July 21, 1973 and were divorced by a final decree entered on February 13, 1996. They have two children together: Nancyanne Page Whitaker, born May 4, 1984, and James Meredith Whitaker III, born April 25, 1988. Wife originally filed a complaint for separate maintenance, alleging irreconcilable differences and inappropriate marital conduct. The trial court appointed a guardian ad litem, who filed a report recommending that Husband have supervised visitation with his children and that he undergo a psychological examination. Wife later amended her complaint to request an absolute divorce. After a bench trial, the trial court granted Wife a divorce based on Husband's inappropriate marital conduct and awarded her custody of the parties' two children. The trial court also granted Husband visitation rights, subject to his enrollment in a program of anger management, a program of parenting skills, and a program with a psychiatrist within thirty days of the date of the final divorce decree. The trial court further ordered that Husband would be allowed visitation only upon a petition filed by the guardian ad litem and after an opportunity for Wife to be heard by the trial court. Husband appeals the trial court's decision.

On appeal, we perceive the real issues to be the following: (1) whether Tennessee's divorce and child custody statutes are unconstitutional under the United States and Tennessee Constitutions; (2) whether the trial court erred in granting Wife a divorce based on Husband's inappropriate marital conduct; and (3) whether the trial court erred in awarding Wife custody of the parties' two children and establishing conditions to Husband's visitation.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

■■■■ Husband first argues that Tennessee's divorce and child custody statutes are unconstitutional under the United States and Tennessee Constitutions because they violate his Christian beliefs. There is a strong presumption favoring the constitutionality of a legislative enactment. *Bozeman v. Barker*, 571 S.W.2d 279, 282 (Tenn.1978). Whenever a statute's constitutionality is called into question, it is a court's duty to resolve all doubts in favor of the statute's validity. *Marion County Bd. v. Marion County Election Comm'n*, 594 S.W.2d 681, 684 (Tenn. 1980).

The Tennessee Constitution specifically grants the legislature the authority to enact divorce statutes. Tenn. Const. art. XI, § 4. Husband has presented no relevant legal argument to rebut the presumption in favor of the validity of Tennessee's divorce and child custody statutes. This issue is without merit.

■■■■ Husband also argues that the evidence preponderates against the trial court's findings of fact with respect to the grounds for the divorce and the award of child custody to Wife. Trial courts are vested with

broad discretion in matters of divorce and child custody, and appellate courts will not interfere except upon a showing of erroneous exercise of that discretion. *Mimms v. Mimms,* 780 S.W.2d 739, 744–45 (Tenn.App. 1989).

The trial court in this case granted Wife a divorce based on Husband's inappropriate marital conduct. This ground is also known as "cruel and inhuman treatment," which has been defined as "a wilful, persistent and continuing course of abusive and humiliating treatment of one spouse by the other, as in the case of a course of conduct calculated to torture complaining spouse's mental or emotional state or bodily health." *Baber v. Baber,* 205 Tenn. 681, 682–83, 330 S.W.2d 307, 308 (1959).

Wife relies on *Mollish v. Mollish,* 494 S.W.2d 145 (Tenn.App.1972), a case in which the trial court granted the husband a divorce from his wife and awarded him custody of their child based solely on the wife's religious beliefs. *Id.* at 146. On appeal, the Court held that a trial court is without authority to grant a divorce or award custody based on religious differences alone. *Id.* at 150, 152. However, the Court asserted that the manner in which one practices his or her religious beliefs may constitute cruel treatment entitling the other to separation or divorce. *Id.* Because there was no conduct on the wife's part, either related or unrelated to her religious beliefs, that constituted " 'a wilful, persistent and continuing course of abusive and humiliating treatment,' " the Court held that the trial court erred in granting a divorce. *Id.* at 151 (quoting *Baber,* 205 Tenn. at 682–83, 330 S.W.2d at 308). Likewise, the Court held that the trial court erred in awarding child custody to the husband. *Id.* at 152.

■ In this nonjury case, the trial judge as the trier of fact had the opportunity to observe the manner and demeanor of all of the witnesses as they testified from the witness stand. The weight, faith, and credit to be given the witnesses' testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum–James Co.,* 205 Tenn. 478, 483, 327 S.W.2d 47, 49 (1959); *Sisk v. Valley*

*Forge Ins. Co.,* 640 S.W.2d 844, 849 (Tenn. App.1982).

From our review of the record in the instant case, we conclude that, unlike *Mollish,* there was sufficient evidence before the trial court to indicate "a willful, persistent and continuing course of abusive and humiliating treatment" toward Wife. *See Mollish,* 494 S.W.2d at 151; *Baber,* 205 Tenn. at 682–83, 330 S.W.2d at 307. The evidence does not preponderate against the trial court's finding of Husband's inappropriate marital conduct. This issue is therefore without merit.

■ The final issue concerns child custody and visitation. In child custody and visitation cases, the welfare and best interests of a child are the paramount considerations and the rights, desires, and interests of the parents become secondary. *Neely v. Neely,* 737 S.W.2d 539, 542 (Tenn.App.1987). In *Bah v. Bah,* 668 S.W.2d 663 (Tenn.App. 1983), the Court established some guidelines for making the determination of best interest:

> We adopt what we believe is a common sense approach to custody, one which we will call the doctrine of "comparative fitness." The paramount concern in child custody cases is the welfare and best interest of the child. *Mollish v. Mollish,* 494 S.W.2d 145, 151 (Tenn.App.1972). There are literally thousands of things that must be taken into consideration in the lives of young children, *Smith v. Smith,* 188 Tenn. 430, 437, 220 S.W.2d 627, 630 (1949), and these factors must be reviewed on a comparative approach:
>
> > Fitness for custodial responsibilities is largely a comparative matter. No human being is deemed perfect, hence no human can be deemed a perfectly fit custodian. Necessarily, therefore, the courts must determine which of two or more available custodians is more or less fit than others.
>
> *Edwards v. Edwards,* 501 S.W.2d 283, 290–91 (Tenn.App.1973) (emphasis supplied).

*Bah,* 668 S.W.2d at 666.

The trial court must also consider the factors as set forth in T.C.A. § 36–6–106 (1996):

**36–6–106. Child custody.**—In a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a custody determination regarding a minor child, such determination shall be made upon the basis of the best interest of the child. The court shall consider all relevant factors including the following where applicable:

(1) The love, affection and emotional ties existing between the parents and child;

(2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;

(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;

(4) The stability of the family unit of the parents;

(5) The mental and physical health of the parents;

(6) The home, school and community record of the child;

(7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child.

The presumption of correctness applicable to a trial court's findings of fact provided in T.R.A.P. 13(d) applies in child custody cases. *Hass v. Knighton,* 676 S.W.2d 554, 555 (Tenn.1984).

In this case, the trial court was faced with conflicting evidence concerning the fitness of Husband as a parent. Bearing in mind the mandate of a comparative fitness test and a review of the entire record in this case, we have reached the conclusion that the evidence does not preponderate against the finding by the trial court that the award of primary custody to Wife is in the best interest of the children. The trial court considered carefully all the relevant factors and the testimony of the witnesses and gave their testimony the weight, faith, and credit that the court felt the testimony deserved.

Husband also asserts that he has been unjustly denied visitation by the trial court. In *Edwards v. Edwards,* 501 S.W.2d 283, 291 (Tenn.App.1973), this Court stated: "[T]he details of custody of and visitation with children are peculiarly within the broad discretion of the Trial Judge whose decisions are rarely disturbed." T.C.A. § 36–6–301 (1996) provides in part:

36–6–301. **Visitation.**—After making an award of custody, the court shall, upon request of the non-custodial parent, grant such rights of visitation as will enable the child and the non-custodial parent to maintain a parent-child relationship unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.

The record reflects that Husband's conduct requires reasonable conditions and restrictions on his visitation rights, and for the most part the trial court established reasonable conditions. However, we differ with the trial court on two provisions of the final decree. First, the decree provides:

The defendant shall have no visitation rights with the minor children unless, within Thirty (30) days of the date of this order, the Defendant shall enroll in (1) a program of anger management, (2) a program of parenting skills, and (3) a program with a psychiatrist, all three of Defendant's choosing but subject to the approval of the Guardian Ad Litem.

The second provision of the decree with which we disagree is:

IT IS FURTHER ORDER, ADJUDGED AND DECREED by the Court that the Defendant shall be entitled to visitation with the parties' minor children **only upon petition made by the Guardian Ad Litem** and after an opportunity for the Plaintiff to be heard by the Court. (emphasis added)

The first quoted provision of the final decree is unduly restrictive as to time and

appears to be an unlawful delegation of judicial authority to the guardian ad litem. A recommendation by the guardian ad litem is permissible, but the approval should be left to the trial judge. Moreover, the decree should avoid placing an unduly burdensome financial obligation on Husband in order for him to petition for relief.

The provisions of the final decree appear to prevent Husband from seeking relief and thus violate the open court provision of the Tennessee Constitution set out in Article I, Section 17, as follows:

§ 17. Open courts—Redress of injuries—Suits against the State.—That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

Accordingly, the final decree of the trial court should be modified to reflect that Husband must conform to some reasonable rehabilitative requirements before he is granted visitation rights and that Husband's choice of the rehabilitative programs should be subject to the approval of the trial court. The decree shall further be modified to eliminate the requirement that Husband shall be entitled to visitation only upon petition made by the guardian ad litem and to provide that Husband may petition the court as provided by law to establish visitation rights.

As modified, the final decree of the trial court is affirmed. This case is remanded to the trial court for entry of an order modifying the decree consistent with this Court's opinion. We decline Wife's invitation to consider this a frivolous appeal. Costs of the appeal are assessed against the appellant.

FARMER and LILLARD, JJ., concur.