YVETTE MICHEL PORTER CAIRA    )
    )
    Plaintiff/Appellant,    )
    )    Appeal No.
v.    )    01-A-01-9709-CH-00508
    )    01-A-01-9801-CH-00055
RONALD STEPHEN CAIRA    )    Montgomery Chancery
    )    No. 95-77-275
    Defendant/Appellee.    )

FILED

August 5, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR

MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE

THE HONORABLE CAROL A. CATALANO, CHANCELLOR

GREGORY D. SMITH
One Public Square, Suite 321
Clarksville, Tennessee 37040
    ATTORNEY FOR THE PLAINTIFF/APPELLANT

MARK A. RASSAS
Suite 104, Glenn Building
Clarksville, Tennessee 37040
    ATTORNEY FOR THE DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# **OPINION**

This case is before us on appeal from the trial court's decree of divorce and grant of child custody and support to the Appellee, Ronald Steven Caira. In bringing this appeal, Appellant raises two issues for consideration.

> 1. Whether the trial court erred in failing to award primary custody of the minor children of this marriage with Defendant/Appellee.
> 2. Whether the trial court made an equitable property distribution of the debts, assets and retirement proceeds of this marriage.

Since this case was tried without a jury, we presume the trial court to be correct in its factual findings unless the evidence preponderates against them. Tenn.R.App.P. 13(d)  Both parties recognize in their briefs that wide discretion is accorded the trial court regarding divorce and custody matters.  See *Whitaker v. Whitaker, 957 S.W.2d 834, 836-37 (Tenn.Ct.App. 1997) perm app. denied 1997, cert. denied, 118 S.Ct. 1316, 140 L.Ed.2d 480 (Mar 23, 1998).*  We are unpersuaded that the record below preponderates against the chancellor's findings with regard to custody and property distribution.

With regard to the child custody issue, Appellant makes much of the trial court's comments regarding her fitness as a mother.  The true benchmark for awarding child custody is the *comparative fitness* of the parties in view of the criteria set out in our state code, Tenn. Code Ann. § 36-6-106 (1996).  See generally *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996).  The record below and the briefs before this court contain no showing that the trial court abused its discretion in finding the Father more fit a parent than the Mother.  Appellant also argues that since the record contains evidence of an affair on the part of the Mother, that the chancellor per force used this fact as the sole reason for awarding custody to Mr. Caira.  There is no finding in the record

determining the mother to be unfit because of this or any other reason. The court simply states,

> 3. That even though the Plaintiff was the bookkeeper of the family, showing discipline in financial matters, this was off set by lack of discipline in her personal life, and the Court believes that the emotional stability of the Defendant is better or more even than that of the Plaintiff, and that the Defendant should be awarded custody of the minor children, subject to the previous visitation agreement insofar as possible.

We find it interesting that Appellant makes no argument that this finding is against the preponderance of the evidence or amounts to abuse of discretion. Without such a showing, this court must affirm the actions of the lower court.

As for the issue regarding distribution of marital property, it is well settled in this jurisdiction that trial courts have wide discretion in dividing marital property. *See e.g.* **Wade v. Wade, 897 S.W.2d 702, 715 (Tenn.Ct.App. 1994).** Appellant alleges in her brief that while the trial court assessed Mr. Caira's income at $25,380, his tax returns showed an income plus or minus $72,000. Appellant attempts to show abuse of discretion by showing that Mr. Caira's tax forms indicate reimbursements for expenses incurred. What Appellant fails to show is a preponderance of the evidence against the finding of the trial judge. Appellee replies correctly: "The court specifically stated that all proof relative to the parties' income, property, retirement plans and debts was considered, and the award to Mrs. Caira reflected this." Before this court may delve into a redistribution of the marital estate, a clear showing must be made by the appellant of some abuse of discretion at the trial level. Otherwise, the office of the appeal usurps the trial court's superior opportunity to weigh factual issues with appellate second-guessing.

In his reply brief, Appellee raises only one issue, to wit, whether the trial court erred in ordering a downward deviation in child support from 32% to 22%. The trial divorce decree below reads in pertinent part,

6. That because of the time that the Plaintiff spends with the minor children, there should be a deviation from the Child Support Guidelines requiring the Plaintiff to pay as child support to the Defendant, the sum of 22% of her net income.

This deviation is in keeping with the plain meaning of Tenn. Comp. R. & Regs r. 1240-2-4-.04(2)(b)1994. When such an order falls well within the contemplation of the Child Support Guidelines, we can find no abuse of the discretion of the trial court in this award.

For the reasons and under the authorities cited above, we affirm the trial court in all respects and remand this case for further proceedings not inconsistent with this opinion. Costs of this appeal are taxed equally against the parties.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE