## IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

| | |
|---|---|
| TERESA D. GILLENWATERS, | ) C/A NO. 03A01-9812-GS-00409 |
| | ) |
| Appellant, | ) BLOUNT GENERAL SESSIONS |
| | ) |
| vs. | ) HON. WILLIAM R. BREWER, |
| | ) JUDGE |
| JAMES E.W. GILLENWATERS, III, | ) |
| | ) AFFIRMED AND REMANDED |
| Appellee. | ) AS MODIFIED |

JOHN D. LOCKRIDGE and SCARLETT A. BEATY, LOCKRIDGE, VALONE & BEATY, PLLC, Knoxville, for Appellant.

MARTHA MEARES and ANNE M. STAIR, Maryville, for Appellee.

## **O P I N I O N**

Franks, J.

In this divorce action, the Trial Judge awarded custody of the parties' child to the father, which custody award is the sole issue on appeal by the mother.

We quote from the Trial Judge's findings in his Memorandum Opinion:

These parties were married December 28, 1988. They separated approximately May of 1995. One child was born to the marriage, Laura Elizabeth Gillenwaters, date of birth August 20, 1989. Custody of this minor child is the hotly contested issue in this case.

The Plaintiff Teresa Gillenwaters is (43) forty-three years old. During the period of time the Court took testimony in this case, she worked for Farouk Systems, Inc. as the national sales manager. A lot of travel was required as a

result of her position and she was out of town on business quite often, as shown . . . While this Court had the case under advisement, by way of Motions and affidavits filed, the Court learned that the Plaintiff was changing or had already changed employment to a job requiring much less travel, however, she was relocating or had already relocated herself and the child to Macon, Georgia. The Defendant, who is (41) forty-one years old, works for a company called PPG Industries and now lives in Dickson, Tennessee, just outside of Nashville. His job also requires some travel, but on average no more than four (4) to five (5) nights per month. Since the granting of the divorce, he has remarried and currently resides with his present wife in a house that the present wife owned prior to their marriage.

. . .

It is the Plaintiff's position that physical custody of the child should continue with her and that her change of employment was done primarily to allow her to spend more time with the child. While this case was pending, the girlfriend of the Plaintiff's adult son lived in the Plaintiff's house with the son and took care of child while the Plaintiff would be away on business. The girlfriend and son denied any improper conduct in the presence of this child. It is the Defendant's position that he is better suited for custody because of the nature of his job and that he can provide more stability to the life of the child. Further, it is the Defendant's position that due to the travel schedule of the Plaintiff, that he was as much a primary caregiver to the child as was the plaintiff.

. . .

It is the opinion of the Court that it is in the best interest of the minor child, as shown by a slight preponderance of the evidence, that custody of the minor child should be awarded to the Defendant.

The mother argues that the judgment being appealed is more in the nature of a custody modification rather than an initial custody determination, because the mother had " de facto" custody of Lori Beth during the lengthy litigation process. This argument is without merit, because the Court had not previously made a custody award (except in the default judgment which was later set aside). Since there is no previous decree the change of circumstances standard of Tennessee Code Annotated Section 36-6-101 cannot be invoked. *Smith v. Smith*, 1989 WL 139726 (Tenn. App. Nov. 16, 1989.)

The standard of review of an initial custody determination is "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." *Hass v. Knighton*, 676

S.W.2d 554 (Tenn. 1984). Moreover, because custody decisions are factually based and often are determined by the credibility of the witnesses, we are hesitant to reverse the trial courts' decisions because the trial judge was present and able to observe the witnesses testify and judge their credibility. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. App. 1997).

It is well-settled in custody cases, that the "welfare and best interests of a child are of paramount concern." *Koch v. Koch*, 874 S.W.2d 571 (Tenn. App. 1993). To determine what is in the child's best interests, courts are instructed to look at numerous factors, set forth in T.C.A. §36-6-106. Also courts apply the doctrine of comparative fitness, and the two potential custodians should be compared and a judgment made regarding who is more fit. *Koch v. Koch,* 874 S.W.2d 571 (Tenn. App. 1993). The Trial Judge considered the factors set forth in T.C.A. §36-6-106 to arrive at his judgment. After considering these factors and comparing the fitness of the parties, we conclude that the evidence does not preponderate against the Trial Judge's award of custody to the father. T.R.A.P. Rule 13(d).

The parties both appear to be good parents and the stability of the home appears to be equal. This was a strongly contested case, but the Trial Judge had the opportunity to observe the "manner and demeanor" of the witnesses who testified, and the " weight, faith and credit to be given the witness's testimony lies in the first instance with the trier of fact", such that the credibility attached should be given great weight by this Court. *Whitaker v. Whitaker*, 957 S.W.2d 834 (Tenn. App. 1997). "Nowhere is the presumption of correctness of the trial court's conclusions more applicable than in matters of child custody where the surrounding testimony is complex and involved and frequently filled with disputes and acrimony." *Herrera v. Herrera*, 944 S.W.2d 379 (Tenn. App. 1996).

Under the circumstances, it would be appropriate for the mother to have some extended visitation due to her physical distance from Lori Beth's new home and the fact that

Lori Beth has close emotional ties with her mother as well. Upon remand, the Trial Court should set liberal visitation for the mother's convenience.

The episodes of violent behavior by both parties are troubling, and the parties should be encouraged to seek help in anger management because they need to be able to communicate with one another as adults regarding their child. The parties should also be encouraged to try to foster not only their own relationship with the child, but also the relationship that the child has with the other parent.

Accordingly, we affirm the judgment of the Trial Court and remand with the foregoing instructions. The cost of the appeal is assessed to the appellant.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
D. Michael Swiney, J.