# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 16, 2000 Session

## LINDA KAY LOVELL GAGE v. RILEY GAGE, JR.

**An Appeal from the Chancery Court for Crockett County**
**No. 7571      George R. Ellis, Chancellor**

---

### No. W1999-01513-COA-R3-CV - Filed April 26, 2001

---

This is a divorce case. The wife filed for divorce approximately fourteen months after she moved out of the marital home. The husband filed an answer and counter-complaint for divorce. The trial court granted the divorce to the wife and awarded her half of the value of the husband's pension and alimony *in futuro*. Husband appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, Riley Gage, Jr.

Jere B. Albright, Humboldt, Tennessee, for the appellee, Linda Kay Lovell Gage.

### MEMORANDUM OPINION[1]

This is a divorce case. Plaintiff/Appellee Linda Kay Lovell Gage ("Wife") and Defendant/Appellant Riley Gage, Jr. were married in 1977. Wife is 100% physically disabled. In August 1997, Wife was physically attacked by the parties' son. Husband responded to this incident by telling Wife "she should have kept her mouth shut." Wife then left the marital residence. Approximately fourteen months later, Wife filed a complaint for divorce, alleging irreconcilable

---

[1]Rule 10(b) of the Rules of the Court of Appeals of Tennessee states as follows:

**Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

differences and inappropriate marital conduct. Husband filed an answer and counter-complaint for divorce, also alleging inappropriate marital conduct and seeking attorney's fees.

The trial court found that the parties' separation resulted from their son's attack against Wife and Husband's subsequent admonition that she should have kept her mouth shut. The trial court also found that Husband had asked Wife to remove her belongings from the marital residence so that another woman could move into the home. The trial court found that Husband provided no support to Wife during their period of separation, despite the fact that she is totally disabled. Consequently, the trial court granted the divorce to Wife, and awarded her, *inter alia*, half of Husband's pension and seventy-five dollars per week in alimony *in futuro*, until her death or remarriage. Husband filed motions for additional findings of fact and for a new trial. These motions were denied. Husband now appeals.

On appeal, Husband argues that the trial court erred in awarding Wife the divorce because she abandoned him without justification. He argues that the trial court erred in awarding Wife alimony because he was without fault. He contends that the trial court erred in awarding Wife half of his pension, because Wife did not include it in her complaint.

The trial court's finding of fault in this case hinged on its assessment of the parties' credibility. The trial court is in the best position to assess the demeanor and veracity of the witnesses, and its determinations of credibility are accorded great weight on appeal. ***Whitaker v.Whitaker***, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1977). We find no error in the trial court's finding that Husband was at fault in the divorce, or in its grant of the divorce to Wife.

Husband also argues that the trial court erred in awarding alimony to Wife and in awarding her half of Husband's pension. A trial court is afforded wide discretion when awarding alimony and dividing marital property. ***See Hanover v. Hanover***, 775 S.W.2d 612, 617 (Tenn. Ct. App. 1989); ***Ford v. Ford***, 952 S.W.2d 824, 827 (Tenn. Ct. App. 1996). An award of alimony should be reversed only in an instance in which the trial court has "manifestly abused" its discretion. ***Hanover***, 775 S.W.2d at 617. A trial court's distribution of marital property is given "great weight" on appeal and will be presumed to be correct unless the preponderance of the evidence is otherwise. ***Ford***, 952 S.W.2d at 826-27

Upon our review of the record, and based in part on our affirmance of the trial court's finding of fault against Husband, we find no error in the trial court's grant of alimony in futuro to Wife. We also find no error in the trial court's award of half of Husband's pension to Wife.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Riley Gage, Jr. and his surety, for which execution may issue if necessary.

_____

HOLLY K. LILLARD, JUDGE