IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2001 Session

## WILLIAM EDWARD FANN v. ANNETTE OLA FANN

**A Direct Appeal from the Chancery Court for Carroll County**
**No. 99-DR-59     The Honorable Ron E. Harmon, Chancellor**

_____

**No. W2000-02431-COA-R3-CV - Filed April 18, 2001**

_____

Husband sued for divorce, alleging inappropriate marital conduct. Wife filed an answer and counter-complaint, but later dismissed the counter-complaint and chose to contest the divorce. Trial court granted divorce to husband. Wife appeals, alleging that the trial court abused its discretion in granting the divorce on grounds of inappropriate marital conduct without evidence to corroborate husband's allegations and that husband had failed to carry his burden of proving cruel and inhuman treatment. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Vicki H. Hoover, Paris, For Appellant, Annette Ola Fann

Larry J. Logan, McKenzie, For Appellee, William Edward Fann

OPINION

Appellee William Edward Fann ("Husband") and Appellant Annette Ola Fann ("Wife") were married in October of 1995. Following two separations, one in October of 1998 and another in March of 1999, Husband sued for divorce on the grounds of inappropriate marital conduct. Ms. Fann contested the divorce, apparently wishing to remain married to Mr. Fann.[1] On May 22, 2000, the Chancellor granted Husband a divorce on the grounds of inappropriate marital conduct and set

_____

[1]The record indicates that, although Ms. Fann filed a counter-claim in this action, she later dismissed the counter-complaint at trial.

out a division of property.  This was the second marriage for both parties[2], and there were no children born of the marriage.

Husband and Wife met at a tent meeting.  At the time the parties met and married, Ms. Fann had a home in Mississippi and Mr. Fann had a home in Tennessee.  Apparently, although Ms. Fann wished to sell her Mississippi home and move all her belongings to Tennessee, her mother was seriously ill at the time the parties married and Ms. Fann felt she could not leave Mississippi.  Similarly, Mr. Fann's mother was in a Tennessee nursing home, and he was unwilling to move to Mississippi to be with his wife.

Wife appeals the Order of Divorce and raises two issues on appeal: (1) Whether the trial court abused its discretion in awarding Husband a divorce based on inappropriate marital conduct with no corroborating evidence; and (2) Whether Husband carried the burden of proving cruel and inhuman treatment as grounds for divorce.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.  Unless the evidence preponderates against the findings, we must affirm, absent error of law.  *See* Tenn. R. App. P. 13(d).

Wife first argues that, absent corroborating evidence, the trial court abused its discretion in granting Husband a divorce based upon inappropriate marital conduct when Wife denied Husband's allegations.  In *Howell v. Howell*, 6 TAM 18-9 (Tenn. Ct. App. 1981), this Court discussed the issue of corroboration after the passage of the irreconcilable differences statute, now codified at T.C.A. § 36-4-103:

> The subject of the required corroboration under the Tennessee divorce laws has been much discussed in this state by bench, bar and litigants themselves.  The practice of requiring corroboration and in what form has varied widely across the great State of Tennessee from court to court. . . .
>
> The requirement of <u>some</u> corroboration under <u>some</u> circumstances was apparently construed into the law because of a legislative and/or judicial fear of divorce born out of collusion.  *See Fulford v. Fulford*, 156 Tenn. 640, 4 S.W.2d 350 (1928).

---

[2]The record does not indicate whether the prior marriages ended in death or divorce.

Yet by passage of the "irreconcilable differences" statute, T.C.A. 36-801, the legislature obviously evidenced an intent to, in effect, allow divorce by "collusion" and without any real fault by either, if certain conditions are met, *e.g.*, children and property are provided for in writing to the trial court's satisfaction.

\* \* \*

Once both parties have taken the witness stand under oath and factual disputes arise, the credibility of those parties must be determined by the court just as in other disputed matters. ***Corroboration is desirable to the extent that it buttresses the credibility of one spouse or casts doubt as to the credibility of another. But, we believe as a matter of law that corroboration is not mandatory in every case where the divorce is brought to its ultimate conclusion on a contested basis.***

*Id.* at 13-14, 18 (footnote omitted)(second emphasis added).

The facts in this case are unlikely to raise the specter of collusion. As the *Howell* Court went on to note:

In any event this is not an uncontested divorce. In the instant case the defendant husband has strenuously contested plaintiff's effort to dissolve the marriage. He has obtained distinguished counsel and has appropriately joined issue in the pleadings. Having contested the ultimate grant of the divorce, we see little or no likelihood for collusion between the parties.

*Id.* at 17. In the case at bar, Ms. Fann quite plainly opposes the parties' divorce. Under the facts of this case, we hold the trial court did not abuse its discretion in granting the divorce with no corroborating evidence.

Having determined that corroboration is unnecessary, we next address Wife's contention that Husband failed to carry his burden of proving the existence of inappropriate marital conduct. This is essentially a preponderance question and in this case, the only evidence presented was the testimony of the two parties. In a case where the resolution of the issues depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses in their manner and demeanor while testifying is in a far better position than this Court to decide those issues. *See McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. App. 1997). The weight, faith, and credit to be given to any witness's

testimony lies in the first instance with the trier of fact, and the credibility accorded must be given great weight by the appellate court. *See id*.; *In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

Inappropriate marital conduct, also known as "cruel and inhuman treatment," has been described as "a wilful, persistent and continuing course of abusive and humiliating treatment of one spouse by the other, as in the case of a course of conduct calculated to torture complaining spouse's mental or emotional state or bodily health." *Whitaker v. Whitaker*, 957 S.W. 834, 837 (Tenn. Ct. App. 1997)(quoting *Baber v. Baber*, 330 S.W.2d 307, 308 1959)). In reviewing the record in this case, we do not find that the evidence preponderates against the trial court's finding that Wife engaged in such willful and persistent behavior. This issue is therefore without merit.

Accordingly, the order of the trial court is affirmed. The case is remanded to the trial court for any further proceedings necessary. Costs of the appeal are assessed to the Appellant, Annette Ola Fann, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.