# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 5, 2013 Session

## HOLLY GENEACE GARRETT v. MARK ANTHONY GARRETT

**Appeal from the Probate Court for Cumberland County**
**No. 2012PF2642     Hon. Larry Michael Warner, Judge**

-----

**No. E2012-02168-COA-R3-CV-FILED-APRIL 12, 2013**

-----

This post-divorce appeal concerns the agreed-upon parenting plan designating Mother as the primary residential parent.  When Mother registered the Children in a new school district, Father objected.  The trial court entered an order requiring the Children to remain in their current school district, despite the Cumberland County Board of Education's policy providing otherwise.  The Cumberland County Board of Education filed a motion to intervene, which was granted.  Following a limited hearing, the court designated Father as the primary residential parent, allowing the Children to remain in their current school district per the applicable policy.  Mother appeals.  We reverse the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ. joined.

Mark N. Foster, Rockwood, Tennessee, for the appellant, Holly Geneace Garrett.

Brett A. York, Crossville, Tennessee, for the appellee, Mark Anthony Garrett.

G. Earl Patton, Crossville, Tennessee, for the appellee, the Cumberland County Board of Education.

# OPINION

## I.  BACKGROUND

The record before this court is sparse.  Holly Geneace Garrett ("Mother") and Mark Anthony Garrett ("Father") were divorced by final decree in June 2012.  Mother and Father (collectively "the Parents") had two children (collectively "the Children").  The Parents agreed to equally split parenting time but designated Mother as the primary residential parent in the permanent parenting plan.

Shortly thereafter, Mother enrolled the Children in a school close to her residence.  Father objected and sought relief from the court, which entered an ex parte order on August 13, 2012, ordering the Parents to keep the Children enrolled in the pre-divorce school, Homestead Elementary School ("Homestead") in Cumberland County.

The Cumberland County Board of Education ("the Board") filed a motion to intervene and a motion to set aside the order, asserting that its policy provided that students were to be enrolled in the district in which the primary residential parent resided and that the court's order violated that policy.  The Board asserted that the legislature provided it with the authority to establish its policy, which was readily available to parents.  Father objected to the motion to intervene, arguing that the court was not bound by the Board's policy.

Mother responded to the order by filing a motion to clarify the divorce decree.  Mother asserted that Father had violated the divorce decree requiring them to make joint decisions.  She requested clarification or a change in the parenting plan, providing that she was entitled to make decisions pertaining to education.  Father responded to Mother's motion by asserting that she had violated the parenting plan when she attempted to enroll the Children in different school systems.  He claimed that her "unilateral decision . . . to uproot the [C]hildren was not supported by the [p]ermanent [p]arenting [p]lan that was incorporated by the [f]inal [d]ecree, nor was [her] unilateral decision in the best interest of the [C]hildren."  He asserted that designating him as the primary residential parent would be in the best interest of the Children and would remove the Board's confusion caused by the ex parte order.

Following arguments by counsel, the court found that the Board had a right to intervene as a matter of law.  The court also found that the Children were in need of stability, that Mother's unilateral decision to enroll the Children in a new school was contrary to the need for stability, and that it was in the best interest of the Children to designate Father as the primary residential parent, thereby allowing the Children to remain enrolled in Homestead.  This timely appeal followed.

## II.  ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.  Whether the trial court erred in granting the Board's motion to intervene.

B.  Whether the trial court abused its discretion in modifying the custody arrangement by designating Father as the primary residential parent.

## III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

In matters of divorce and child custody, trial courts are vested with broad discretion, and appellate courts will not interfere with the trial court's decision except upon a showing of erroneous exercise of that discretion.  *See Whitaker v. Whitaker*, 957 S.W.2d 834, 836-37 (Tenn. Ct. App. 1997).  "'Because [c]ustody and visitation determinations often hinge on subtle factors, including the parents' demeanor and credibility during . . . proceedings," appellate courts "are reluctant to second-guess a trial court's decisions.'" *Hyde v. Amanda Bradley*, No. M2009-02117-COA-R3-JV, 2010 WL 4024905, at *3 (Tenn. Ct. App. Oct.12, 2010) (quoting *Johnson v. Johnson*, 169 S.W.3d 640, 645 (Tenn. Ct. App. 2004)).

## IV.  DISCUSSION

### A.

While neither party raised the issue of the Board's intervention on appeal, we are troubled by the court's grant of the motion over Father's objection at the trial court level.  Accordingly, we will examine this issue as well as the modification of the parenting plan. *See* Tenn. R. App. 13(b) (providing that this court may consider issues not raised in an effort to prevent needless litigation, to prevent injury to the public interest, and to prevent prejudice to the judicial process).

Intervention as of right is governed by Rule 24.01 of the Tennessee Rules of Civil Procedure, which provides,

> Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

There are essentially four elements that a party seeking to intervene as of right must establish before an application for intervention will be granted. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 190-91 (Tenn. 2000). The party must show that: "(1) the application for intervention was timely; (2) [he or she had] a substantial legal interest in the subject matter of the pending litigation; (3) [the] ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent [that] interest[]." *Id.* While the precise nature of the interest required to intervene as of right has eluded exact definition, it is clear that the right does not include a mere contingent, remote, or conjectural possibility of being affected as a result of the suit, but must involve a direct claim on the subject matter of the suit such that the intervenor will either gain or lose by direct operation of the judgment." *Id.* at 192.

Here, the application for intervention was timely. The Board also had a legal interest in the subject matter because it had been granted the authority to enact policy regarding enrollment of students. However, we fail to see how that interest was substantial when custody decisions must be made in the best interest of the child, regardless of any countervailing policies that may be implicated. The parties and the court were apprised of the unique situation regarding the enrollment policy after the ex parte order was entered. The Parents could have argued that the Board's policy heightened his or her position on the issue before the trial court, namely which parent should be designated as the primary residential parent. With these considerations in mind, we conclude that the trial court erred in granting the motion to intervene pursuant to Rule 24.01 of the Tennessee Rules of Civil Procedure. This conclusion does not end our inquiry because the court's grant of the motion may have been supported by the rule providing for permissive intervention of a party.

Rule 24.02 of the Tennessee Rules of Civil Procedure provides,

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an

applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In custody and parenting decisions, the court is tasked with considering a variety of factors. Here, the court's decision was solely based upon Mother's failure to safeguard the Children's need for stability by placing them in a new school district. The court noted that its designation of Father as primary residential parent allowed the Children to remain in the current school district pursuant to the Board's policy, thereby fulfilling the need for stability. We believe that the court's consideration of the Board's policy prejudiced the adjudication of the rights of the Parents and the best interest of the Children because the need for stability was but one of the factors that should have been considered by the court before revising the permanent parenting plan. Accordingly, we conclude that the Board's intervention was also not supported by Rule 24.02 of the Tennessee Rules of Civil Procedure.

B.

Mother asserts that the trial court erred in modifying the custody arrangement without holding an evidentiary hearing. She argues that the court failed to consider whether an unforeseeable material change in circumstance necessitated a change in custody. Father responds that any issues raised by Mother are waived on appeal because she did not request an evidentiary hearing or raise any objections to the manner in which the court reached its decision. He alternatively responds that the court implicitly made the required findings and was not required to list each factor and analyze how each factor impacted its decision. He notes that the change at issue, Mother's unilateral decision to enroll the Children in a new school, was a sufficient change in circumstance to warrant modification of custody.

We decline to hold that this issue is waived. The trial court was statutorily required to determine whether a material change in circumstances necessitated a change in custody before even considering whether to alter the prior custody arrangement. Tenn. Code Ann. § 36-6-101(a)(2)(B). The court was also required to make a finding "as to the reason and the facts" supporting its decision to change the custody arrangement. Tenn. Code Ann. § 36-6-101(a)(2)(B). Indeed, "[a] custody decision, once final, is res judicata upon the facts in existence or reasonably foreseeable when the decision was made." *Scofield v. Scofield*, No. M2006-00350-COA-R3-CV, 2007 WL 624351, at *3 (Tenn. Ct. App. Feb. 28, 2007) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952)). However, because the circumstances of children and parents change, our courts are "empowered to alter custody arrangements when intervening circumstances require modifications." *Scofield*, 2007 WL 624351, at *2 (citing Tenn. Code Ann. § 36-6-101(a)(1)).

Modification of an existing custody or visitation arrangement involves a two-step analysis. Tenn. Code Ann. § 36-6-101(a)(2)(B), (C). First, the parent attempting to modify the existing custody or visitation arrangement must prove that a material change in circumstances has occurred. Tenn. Code Ann. § 36-6-101(a)(2)(B), (C). "If a material change in circumstances has occurred, it must then be determined whether the modification is in the child's best interest[]." *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002) (footnote omitted).

The determination of whether a "material change in circumstance" occurred requires a different standard depending upon whether a parent is seeking to modify custody (i.e., change the primary residential parent) or modify the residential parenting schedule. Tenn. Code Ann. § 36-6-101(a)(2)(B), (c). The Tennessee Code establishes a lower threshold for modification of a residential parenting schedule. *Scofield*, 2007 WL 624351, at *3. Here, the trial court modified custody by designating Father as the primary residential parent. Thus, the higher threshold applies. *Pippin v. Pippin*, 277 S.W.3d 398, 406-07 (Tenn. Ct. App. 2008). The Code provides, in pertinent part,

> (B) If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.
>
> > (i) In each contested case, the court shall make such a finding as to the reason and the facts that constitute the basis for the custody determination.

Tenn. Code Ann. § 36-6-101(a)(2)(B). "There are no hard and fast rules for when there has been a change of circumstances sufficient to justify a change in custody." *Cosner v. Cosner*, No. E2007-02031-COA-R3-CV, 2008 WL 3892024, at *4 (Tenn. Ct. App. Aug.22, 2008) (citing *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003)). However, to determine whether a material change in circumstances has occurred, the court should consider whether:

> (1) the change occurred after the entry of the order sought to be modified; (2) the changed circumstances were not reasonably anticipated when the underlying decree was entered; and (3) the change is one that affects the child's well-being in a meaningful way.

*Cosner*, 2008 WL 3892024, at *4 (citing *Kendrick*, 90 S.W.3d at 570).

Here, the trial court failed to specifically find or identify any changed circumstances that warranted a change in custody. Father asserts that Mother's failure to adhere to the parenting plan by unilaterally enrolling the Children in a new school operated as a material change in circumstance supporting the court's decision. We disagree. The Board's policy regarding enrollment was readily available to the Parents. Additionally, it was entirely foreseeable and reasonably anticipated that the Parents would live in different school zones, thereby necessitating a decision regarding which school the Children should attend in accordance with relevant policies regarding enrollment. We agree that Mother should have discussed the issue with Father before enrolling the Children in the new school. However, we decline to hold that her failure to speak with Father before enrolling the Children in school pursuant to the established enrollment policy was an unforeseen material change in circumstance that necessitated a change in custody. With these considerations in mind, we conclude that Father failed to establish that a material change in circumstances had occurred. Having made such a determination, we need not address whether the change in custody was in the best interest of the Children. Accordingly, we hold that the trial court erred in modifying the custody arrangement by designating Father as the primary residential parent.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellees, Mark Anthony Garrett and the Cumberland County Board of Education.

_____
JOHN W. McCLARTY, JUDGE