IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 12, 2001 Session

## HUMPHREYS COUNTY UTILITY DISTRICT v. SCHATZ UNDERGROUND CABLE, INC.

**A Direct Appeal from the Circuit Court for Humphreys County**
**No. 8902     The Honorable Allen W. Wallace, Judge**

---

**No. M2000-02650-COA-R3-CV - Filed October 2, 2001**

---

In this negligence action, Plaintiff sued Defendant for damages in connection with the rupture of a gas line. Following a bench trial, the trial court entered judgment for Plaintiff. Defendant appeals. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

D. Andrew Saulters, Nashville, For Appellant, Schatz Underground Cable, Inc.

Dan R. Bradley, Waverly, For Appellee, Humphreys County Utility District

**OPINION**

Defendant/Appellant Schatz Underground Cable Inc. ("Schatz") specializes in the installation of underground cable. Pursuant to the Tennessee Underground Utility Damage Prevention Act (the "TUUDPA"), T.C.A. § 65-31-101, *et seq.*, Schatz contacted "Tennessee One Call" before commencing work to install underground fiberoptic cable in Middle Tennessee.[1] Plaintiff/Appellee Humphreys County Utility District ("Humphreys County" or the "County") sent employees to mark existing underground utility lines, who stayed approximately "a mile or so" ahead of Schatz's crew

---

[1]The TUUDPA created the "Tennessee One Call System." *See* T.C.A. § 65-31-106. Under One Call, parties wishing to excavate must telephone a hotline number within three days of commencing excavation, and the appropriate governmental authorities will mark the proposed excavation area for existing underground utilities such as gas and electric lines. *See* T.C.A. §§ 65-31-107, 108.

as they progressed, placing yellow flags at intervals along an existing natural gas line.[2]  This arrangement continued for several months, until the accident in which Schatz's plow cut the gas line.

In order to lay the fiberoptic cable, Schatz employees used a small bulldozer to clear brush out of the way, followed by a second bulldozer hooked to a plow which pulled the fiberoptic cable. Apparently, the fiberoptic cable was to run parallel to the gas line, which, in turn ran parallel to Highway 70 in Humphreys County.  On October 28, 1999, Schatz employees came upon an area in which the gas line took a jog of a few feet away from the highway, and then continued to run parallel to the road.  This case hinges on whether this jog was correctly marked at the time the Schatz employees plowed next to the gas line, although there is no dispute that something went wrong, and the Schatz plow severed the gas line, causing it to rupture and send rocks and debris flying into the air and onto Highway 70.

Witnesses for the County testified that the turn in the gas line was properly marked, that the employee who marked the line had walked the line to check for leaks at least 15 times during his 23 years of service with the County, and that the device the employee used to locate the line was "foolproof."  The County's theory was that Schatz's employees, when clearing the brush away with the first bulldozer, accidentally knocked the flags out of the way, so that they did not see that the flags took a jog away from the road.

Schatz, on the other hand, presented the testimony of two employees, Mike Huffines and Bobby Tagger, who witnessed the accident.  They claimed the turn in the line was marked approximately 50 feet after the actual turn occurred.  The Schatz employees also claimed that the flags were only knocked down <u>after</u> the plow came through.[3]  They said the flags were visible while they were doing the actual digging with the plow, but that, given the close clearance between the flags and the left rear wheel of the plow, the wheel would often knock over the flags as the plow went past them.

After the parties concluded their presentation of evidence, the trial court found in favor of the County, noting:

> *. . . I've concluded in this case that I think Mr. Tagger and Mr. Huffines and his employees and Humphreys County employees have all been just as honest with the Court as they can.*  But I'm convinced that, you know, some people can see things and be truthful about it and be wrong.  I was coming along pretty good until Mr. Huffines testified that Mr. Hooper had made a 50-foot error.

---

[2]Although it is unclear from the record, at oral argument, counsel for Defendant indicated that approximately 24 hours elapsed from the time Plaintiff's employees marked the gas line to the time when Defendant's employees excavated.

[3]The record indicates the plow cut a swatch about 5 feet across the ground when it came through.

Now, I looked at the qualifications of Mr. Hooper, I watched him testify here, he's been doing this a long time. I just don't believe Mr. Hooper would have made - - and there's evidence before this Court of his expertise in the field and I don't believe he would have made a 50-foot error.

(emphasis added). Defendant Schatz appeals.

Although the Defendant has presented two issues on appeal, we believe they can be summed up as: Whether the trial court erred in finding that Plaintiff proved legal causation by a preponderance of the evidence. For the reasons below, we affirm the Order of the trial court and hold that Plaintiff did carry its burden of proof.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

In an action for negligence, the plaintiff must establish by a preponderance of the evidence that: (1) the defendant owed the plaintiff a duty of care; (2) by engaging in conduct which fell below that standard of care, the defendant breached that duty; (3) plaintiff suffered an injury; (4) defendant's conduct was the cause in fact of the injury; and (5) defendant's conduct was the legal, or proximate, cause of the injury. *See, e.g., Wood v. Newman, Hayes & Dixon Ins. Agency*, 905 S.W.2d 559, 562 (Tenn. 1995); *Waste Mgmt., Inc. v. South Central Bell Telephone Co.*, 14 S.W.3d 425, 430 (Tenn. Ct. App. 1997). The only element at issue in this case is that of proximate, legal causation.

Proximate causation "requires the courts to establish the boundary of legal liability using mixed considerations of logic, common sense, justice, policy, and precedent." *Waste Mgmt*, 14 S.W.3d at 430 (citations omitted). If a plaintiff fails to prove causation by a preponderance of the evidence, a court must deny liability for conduct which is otherwise actionable. *See id.* Where testimony leaves unresolved a determinative fact in a lawsuit, the evidence does not preponderate in favor of the plaintiff, and the plaintiff's cause of action must fail. *See Reserve Life Ins. Co. v. Whittemore*, 442 S.W.2d 266, 275 (Tenn. Ct. App. 1969)

In this case, proof of proximate causation consisted almost exclusively of the testimony of the parties' employees. Humphreys County employees testified that the gas line was properly marked by an experienced employee using a "foolproof" device. Schatz's employees testified that, given the risks involved in severing a gas line, they carefully followed the County's markings, but that the flags were incorrectly placed. At the conclusion of testimony, the trial court judge indicated that he believed the witnesses on both sides "have all been just as honest with the Court as they can." Nonetheless, the court found Schatz liable, explaining that "some people can see things and be truthful about it and be wrong."

When the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses in their manner and demeanor while testifying is in a far better position than this Court to decide those issues. *See McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. App. 1997).

In the instant case, while the trial judge found credible proof on the part of Defendant's employees, the statement set out above indicates that he placed greater credibility on Plaintiff's witness, Hooper. The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *See Town of Alamo v. Forcum-James Co.,* 327 S.W.2d 47 (Tenn.1959); *Sisk v Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. Ct. App. 1982).

Accordingly, we hold that the evidence does not preponderate against the finding of the trial court and, therefore, affirm the judgment of the trial court. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to Defendant-Appellant, Schatz Underground Cable, Inc., and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.