IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2004 Session

## JAMES O. WARD v. SUSAN AMPFERER WARD

**A Direct Appeal from the Chancery Court for Shelby County**
**No. D29766-1     The Honorable Walter L. Evans, Chancellor**

———————————

**No. W2003-01630-COA-R3-CV - Filed April 12, 2004**

———————————

Wife appeals trial court's ruling on remand that former husband did not dissipate substantial marital assets through extramarital relationship, specifically asserting that the trial court failed to properly consider or apply the two-prong test set forth by the appellate court for determining whether dissipation has occurred. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Daniel Loyd Taylor and Amy R. Harden, Memphis, For Appellant, Susan Ampferer Ward

Larry Rice and Laura D. Rogers, Memphis, For Appellee, James O. Ward

### OPINION

This case, involving the issue of dissipation of marital assets, is before us for a second time. The pertinent facts were recounted by this Court in *Ward v. Ward*, No. W2001-01078-COA-R3-CV, 2002 WL 31845229 (Tenn. Ct. App. Dec. 19, 2002) (hereinafter "*Ward I*"), wherein we stated:

> Appellant Susan Ampferer Ward [("Ms. Ward")] and Appellee James O. Ward [("Mr. Ward")] married August 26, 1966. During the marriage, the parties divided responsibilities. Mr. Ward provided income from his job with Federal Express, maintained the home's exterior and surrounding property, as well as handling their investments. Ms. Ward maintained the household, cooked meals, cared for the children, and paid monthly bills.

Mr. Ward's salary was divided and separately maintained in different accounts. First, Mr. Ward deposited his paycheck in the Federal Express Credit Union. From this account, Mr. Ward covered expenses related to his responsibilities to the exterior of the home, including the mortgages, and the property improvements. He also maintained a separate account at Boatman's Bank. Next, Mr. Ward drew a check to the order of Ms. Ward to cover household expenses from the Credit Union. Ms. Ward controlled a jointly held family checking account from which she paid the family bills. Any money left over was considered by the parties as Ms. Ward's money. In the late 1980's the marriage soured for various reasons.

In early 1994, Mr. Ward came into a substantial amount of money through one of his investments. Rather than depositing this money in his Boatman's Bank account or the Credit Union account, Mr. Ward entered into an arrangement with an acquaintance Leigh Blanchard [("Ms. Blanchard")]. Under their arrangement, Mr. Ward gave Ms. Blanchard money and then she deposited it in an Enterprise Bank account in Mr. Ward's name. When he needed cash, she withdrew it for him. At times, Ms. Blanchard would simply tender cash from a safe she maintained as a loan against the Enterprise account. Due to the complexity of their financial dealings, Mr. Ward and Ms. Blanchard kept a ledger of their transactions. Mr. Ward and Ms. Blanchard's relationship turned intimate later in 1994 and continued through 2000.

The parties separated in June 1997. Mr. Ward filed a Complaint for Divorce on July 31, 1998. Ms. Ward filed a Counter-Complaint for Absolute Divorce on November 30, 2000, and the trial was held four months later, February 19, 2001 through February 22, 2001 and on March 1 through March 2, 2001. On March 2, the Chancellor issued his findings and divided the marital property. Ms. Ward argued Mr. Ward dissipated approximately $107,000 through his relationship with Ms. Blanchard. Additionally, she sought an award of attorney's fees for costs incurred while tracing the financial transactions with Ms. Blanchard. The Chancellor determined Mr. Ward did not dissipate marital assets and denied the request for attorney's fees. The chancellor entered the final divorce decree on April 6, 2001.

*Id*. at *1.

On appeal, this Court considered, ***inter alia***, the question of whether the trial court erred in finding that Mr. Ward did not dissipate $107,000.00 in marital funds through his relationship with Ms. Blanchard. ***Id***. at *2. In considering this issue, we noted:

> At trial, Ms. Ward argued Mr. Ward dissipated $107,000 in marital assets by transferring approximately $132,000 of marital funds to Ms. Blanchard. In early 1994, Mr. Ward liquidated an investment property worth approximately $53,000. According to Mr. Ward, he did not want to put this money in the family checking account managed by Ms. Ward because of her gambling.[1] Instead, Mr. Ward and Ms. Blanchard allegedly established a financial management relationship where Mr. Ward entrusted marital funds to Ms. Blanchard. Apparently, Mr. Ward gave Ms. Blanchard the money and she would deposit it into an Enterprise Bank account in Mr. Ward's name. When Mr. Ward needed money, he let Ms. Blanchard know and she would get it either from the Enterprise account or from her personal safe. Mr. Ward and Ms. Blanchard allegedly maintained a ledger recording each transaction.[2] When all was said and done, Mr. Ward alleges he spent the estimated $107,000 on himself because of his increased daily expenses due to the marital problems between himself and Ms. Ward.[3]

---

[1] This Court noted that "the record clearly reflects Ms. Ward's gambling activities between 1994 and 1997."

[2] The ledger was destroyed following the conclusion of Mr. Ward's financial relationship with Ms. Blanchard.

[3] As evidence of his yearly expenditures, Mr. Ward introduced a document marked Exhibit 7, charting his estimated expenditures from 1990-1997. *See id*. at 4. Mr. Ward relied on this chart as his only evidence of expenditures because he no longer possessed the receipts, vouchers, or other similar evidence to verify the estimated expenses. ***See id***. Ms. Ward appealed the trial court's decision to admit Exhibit 7 into evidence on grounds that the exhibit violated Tenn. R. Evid. 1006 and that Mr. Ward's counsel failed to lay a proper foundation for admission under Tenn. R. Evid. 612 for prior recollection refreshed. *Id*. This Court held:

> Regarding both the Rule 1006 issue and Rule 612 issue, we find the trial court erred in admitting Exhibit 7 into evidence. Mr. Ward failed to establish the required prerequisites under both rules. However, the trial court stated it would not consider Exhibit 7 as substantive evidence. The record clearly establishes the Chancellor relied solely upon witness testimony to establish the credibility of the estimated amounts. Therefore, we hold the Chancellor erred under Rule 1006 and Rule 612 regarding the introduction into evidence of Exhibit 7. However, we hold the admission was harmless error and did not prejudice Ms. Ward's rights. T.R.A.P.

(continued...)

*Id*.

Upon review of these facts, this Court next examined the basis for the trial court's finding that Mr. Ward did not dissipate marital funds. The trial court, in apparent reliance upon the unreported case of ***Walker v. Walker***, No. 01-A-01-9001-CH-00029, 1990 Tenn. App. LEXIS 440 (Tenn. Ct. App. June 27, 1990), determined that evidence of fraud is required for a finding of dissipation of marital assets. ***See Ward***, 2002 WL 31845229 at *3. Finding no evidence of fraud, the trial court held that no dissipation occurred. ***See id***. We rejected the "dicta cited in ***Walker***" as unpersuasive, and held that "a finding of fraud is not a prerequisite to a court finding a party dissipated marital funds." *Id*. This Court instead set forth guidelines for determining whether dissipation has occurred:

> Trial courts must distinguish between what marital expenditures are wasteful and self-serving and those which may be ill-advised but not so far removed from "normal" expenditures occurring previously within the marital relationship to render them destructive.
>
> In determining whether dissipation occurred, we find trial courts should consider the following: (1) whether the evidence presented at trial supports the alleged purpose of the various expenditures, and if so, (2) whether the alleged purpose equates to dissipation under the circumstances. [Lee R. Russ, Annotation, ***Spouse's Dissipation of Marital Assets Prior to Divorce as a Factor in Divorce Court's Determination of Property Division***, 41 A.L.R. 4th 416, 420- 21 (1985)]. The first prong is an objective test. To satisfy this test, the dissipating spouse can bring forward evidence, such as receipts, vouchers, claims, or other similar evidence that independently support the purpose as alleged. The second prong requires the court to make an equitable determination based upon a number of factors. Those factors include: (1) the typicality of the expenditure to this marriage; (2) the benefactor of the expenditure, namely, whether it primarily benefitted the marriage or primarily benefitted the sole dissipating spouse; (3) the proximity of the expenditure to the breakdown of the marital relationship; (4) the amount of the expenditure. *Id*. at 421.
>
> We believe the above-announced analysis will be helpful in guiding trial courts when making this distinction.

---

[3](...continued)
        36(b).

*Id*.

*Id*.

The judgment of the trial court was reversed and the case was remanded to the trial court to "decide whether the facts support Ms. Ward's allegation that Mr. Ward dissipated approximately $107,000 of marital assets in his dealings with Ms. Blanchard applying the factors previously enumerated above." *Id*.

On February 14, 2003, the parties entered a Consent Order on Stipulation stating their agreement that the trial on remand "shall be by a hearing solely and strictly on the record from the original trial held in this said Court," and that "no new evidence will be presented to the trial court at such a hearing." A non-jury hearing on remand was held on April 30, 2003. By Order entered June 19, 2003, the trial court again held "that the facts do not support Ms. Ward's allegation that Mr. Ward dissipated approximately $107,000.00 of marital assets." The court thereby assessed costs to Ms. Ward.

Ms. Ward appeals, presenting for review the primary issue of whether the trial court failed to correctly apply or consider the two-prong test for determining whether dissipation occurred as set forth by this Court in *Ward I*, and thereby erroneously held that Mr. Ward did not dissipate $107,000.00 in martial funds. Both parties request attorney's fees.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d). In recognition of the parties' stipulation that the case on remand would be tried on the record from the original trial, the trial court's determination of fitness credibility would be those determinations made at the original trial.

The specific issue before this court is whether the trial court failed to correctly consider and/or apply the factors enumerated in *Ward I* in finding that Mr. Ward did not dissipate $107,000.00 in funds through his relationship with Ms. Blanchard.

To briefly reiterate, in *Ward I*, the trial court based its holding in favor of Mr. Ward as to the issue of dissipation on a finding that there was insufficient evidence in the record to indicate that he used or squandered the identified funds in a "fraudulent manner." In reviewing the trial court's decision, this Court determined that the lower court improperly admitted into evidence Exhibit 7, a document containing summarized estimates of Mr. Ward's expenditures between 1990 and 1997. We noted, however, that the trial court's admission did not constitute reversible error where the lower court did not consider Exhibit 7 as substantive evidence and further based its ruling "solely upon witness testimony to establish the credibility of the estimated amounts." *Id*. at 4.

At the hearing on remand, the trial court heard arguments from opposing counsel. In accordance with the Consent Order, no new evidence was presented to the court. Based upon the

arguments of counsel, "recollection of the parties and the proof at trial," and without consideration to Exhibit 7, the trial court again held that the evidence in the record did not support a finding of dissipation. In his rulings from the bench, the chancellor stated:

> All right. The Court has heard all of the very eloquent arguments of both counsel.
>
> Dissipation implies wasteful and foolish expenditures for the sole purpose of one wife – one spouse to the extent that said amount should be included back into the marital estate for purpose of division.
>
> The Court considered all of the proof and evidence that was presented at trial. Though the Court could have been more specific in – in stating its – its reasoning for all of the conclusions, one thing that was quite clear is that both of these parties had the use of substantial amounts of funds which each used without accounting to the other.
>
> Ms. Ward engaged in substantial gambling activities which were not accounted for. The records that were before the Court showed that she had won a lot of money and she had lost a lot of money at the casino down in Tunica. There was nothing in the record to show how the money she had won had been dissipated or spent.
>
> There were statements in the record from the casinos to show how much she lost but nothing to show how she spent money she won or how she spent other monies that were within her control.
>
> The $107,000.00 in question was money that Mr. Ward spent in this Court's opinion on living expenses and on expenses related to the maintenance of the home during the period of separation or during the marital problems of these parties. True enough, he had no receipts to support the exact expenditures, but this Court is satisfied that Ms. Blanchard, being an asset manager of a financial institution where she is obligated to tell the truth with – except for being penalized for – by the appropriate authority – this Court was satisfied with the credibility and the statements of Ms. Blanchard, that all the money that she received she made an accurate accounting for and that the – the papers or the – that she used for such accounting she no longer had at the time but that all the money had been returned to Mr. Ward.

> The Court is satisfied that Ms. Blanchard did not benefit or use any of those funds for her own personal benefit.
>
> And the Court is satisfied that Mr. Ward used the money or placed those funds out of the control of Ms. Ward in order to protect against her – her wasteful and foolish expenditures at the casino.
>
> The Court considered the equity involved in both situations and recognized that, you know, Mr. Ward should have had receipts but the receipts had not – have been either destroyed or – or nonexistent at the time of the hearing, but the Court is satisfied that he used that money for reasonable living expenses, considering all factors involved in – in the case.
>
> So as far as whether the Court – whether Ms. Ward proved that Mr. Ward dissipated approximately $107,000.00 in marital assets, the Court has found that he did not and that the equitable consideration that went into the Court's decision based on all the facts of the case will support the Court's position.

On June 19, 2003, the trial court entered an "Order on Remand Hearing," stating its ruling as follows:

> This Honorable Court carefully considered the ruling of the Court of Appeals [in *Ward I*] and applied the factors set forth therein to the facts of the case. Upon statements of counsel, recollection of the parties and the proof at trial, eliminating Exhibit No. 7 that was erroneously admitted into evidence, and upon consideration of all the facts, this Honorable Court is of the opinion that the facts do not support Ms. Ward's allegation that Mr. Ward dissipated approximately $107,000.00 of marital assets.

Ms. Ward argues that the trial court did not properly consider or apply the factors that this Court set forth in *Ward I*, noting that the only evidence in the record to support or verify the purpose for which her former husband allegedly used the $107,000.00 in funds was contained in Exhibit 7, a document that this Court deemed inadmissible and that the trial court did not even consider as substantive evidence. Simply stated, Ms. Ward argues that there is no independent evidence in the

record, in the form of receipts, vouchers, documents, or other similar evidence,[4] to support a finding that Mr. Ward used the $107,000.00 for living expenses and home maintenance.

We find Ms. Ward's argument unpersuasive. On remand, the trial court reconsidered only the evidence and testimony contained in the original trial record. By stipulation and consent of the parties, no new evidence was presented at the remand hearing. The trial court's June 19, 2003 order specifically noted that the court considered and applied the factors set forth by this Court in *Ward I*, and without consideration to Exhibit 7, concluded that the remaining testimony and evidence in the original record did not support Ms. Ward's allegation of dissipation. The trial court's ruling impliedly indicates a conclusion that there was sufficient evidence in the record to support a finding that Mr. Ward used the disputed funds for living expenses, home maintenance.

As recognized by this Court in *Ward I*, the trial court "relied solely upon witness testimony to establish the credibility of the estimated [expenditure] amounts." *Ward*, 2002 WL 31845229 at *4. Although Mr. Ward relied upon Exhibit 7 as an outline or basis for his testimony regarding the disputed expenditures in the original trial, this Court was apparently satisfied that sufficient, credible evidence remained in the record to permit further consideration by the trial court on remand. Had we concluded that the record did not contain sufficient, admissible evidence regarding Mr. Ward's alleged purpose(s) for his expenditures, such as to warrant further consideration on remand, we would have stricken the inadmissible testimony from the record and reversed the trial court's holding as to the issue of dissipation in favor of Ms. Ward. Instead, we reversed and remanded the matter solely on the basis of the trial court's error of law.

Upon our review of the entire record, we find that the evidence does not preponderate against the trial court's finding that Mr. Ward did not dissipate $107,000.00 in marital property through his extramarital relationship with Ms. Blanchard. Although Mr. Ward's testimony regarding his expenditures was not supported by actual documentation, we are aware of no controlling authority, and are cited to none, requiring the production of such evidence. Further, when the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge, who has the opportunity to observe the witnesses in their manner and demeanor while testifying, is in a far better position than this Court to decide those issues. *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. Sp. Workers Comp. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997). The

---

[4] Ms. Ward misstates or misreads our ruling in *Ward I* to require the dissipating spouse to produce receipts, vouchers, or other similar documentary evidence as proof of the purpose of the disputed expenditures. The first prong of the *Ward I* test states that a trial court should consider "whether the evidence presented at trial supports the alleged purpose of the various expenditures." *Id*. at *3. We noted that the dissipating spouse "*can* bring forward evidence, such as receipts, vouchers, claims, or other similar evidence" to satisfy the first prong. *Id*. (emphasis added). As is evident from the quoted language, the dissipating spouse is not required to produce receipts or similar evidence to satisfy the first prong, although such evidence is certainly helpful. Moreover, we note that the article from which this test was adopted does not cite to any case absolutely requiring the production of documents or other similar evidence as proof of the alleged purpose for the expenditures.

weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. ***Id.***; ***In re Estate of Walton v. Young***, 950 S.W.2d 956, 959 (Tenn. 1997). We are thus unwilling to reverse the trial court's decision regarding the expenditures where the chancellor based his findings upon the testimony and credibility of Mr. Ward and Ms. Blanchard. Moreover, we find that there is no concrete evidence in the record to rebut Mr. Ward's testimony regarding the purpose for his expenditures.[5] Based upon the foregoing discussion, we find that the trial court did not err in finding that Mr. Ward did not dissipate $107,000.00 in marital funds through his extramarital relationship with Ms. Blanchard.

Both parties request attorney's fees on appeal. From the record before us, we conclude that each party should be responsible for their own attorney's fees.

Accordingly, we affirm the trial court's order of June 19, 2003, finding that Mr. Ward did not dissipate $107,000.00 in marital assets and, thus, further affirm the court's division of marital property as set forth in its Final Decree of Divorce. Costs of this appeal are assessed against the appellant, Susan Ampferer Ward, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

---

[5] At trial, Ms. Ward introduced copies of credit card statements for a Visa account in Ms. Blanchard's name. It is undisputed that Mr. Ward had authority to make charges on this account during the period in question. Ms. Ward included as attachments to these records photocopies of four separate checks written on Mr. Ward's Enterprise account for payment of the Visa balance in full. The four checks totaled $11,240.86. Although the statements list individual charges, there is no proof in the record as to the purpose or benefactor of each separate charge.