PATRICIA HITCHCOCK IRWIN,      )      Rutherford Chancery
                               )      No. 97DR-9
        Plaintiff/Appellee,    )
                               )
VS.                            )
                               )
DON JEWELL IRWIN,              )      Appeal No.
                               )      01A01-9803-CH-00128
        Defendant/Appellant.   )

FILED

October 16, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

HONORABLE DON R. ASH, JUDGE

Larry H. Hagar, #11275
Stan Davis, #18618
214 Third Avenue, North
Nashville, Tennessee 37201
ATTORNEYS FOR PLAINTIFF/APPELLEE

Helen S. Rogers
SunTrust Building, Suite 1550
201 Fourth Avenue, North
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED.

HENRY F. TODD, JUDGE

CONCURS:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

| PATRICIA HITCHCOCK IRWIN, | ) | Rutherford Chancery |
|---|---|---|
| | ) | No. 97DR-9 |
| Plaintiff/Appellee, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| DON JEWELL IRWIN, | ) | Appeal No. |
| | ) | 01A01-9803-CH-00128 |
| Defendant/Appellant. | ) | |

# O P I N I O N

In this divorce case the husband has appealed from the judgment of the Trial Court which declared the parties to be divorced on grounds of irreconcilable differences, awarded joint custody of their minor child to the parties with principal custody in the wife, and divided the marital estate.

The husband's first issue is:

> I.     Whether the Trial Court erred in awarding Wife primary possession of the minor child with limited visitation to the Father when he has been the child's primary care giver and Wife's work schedule was not as regular or flexible as Father's.

The parties were married December 1, 1991. On June 20, 1991, their child was born. At that time, the husband was a road truck driver, hence, his times at home were irregular. He continued this type of work for two or three years in order to pay off a debt incurred prior to marriage. The husband asserts and the wife denies that he was attentive to the child when he was home between road trips.

The wife did not work the first year of the marriage, but claims that she paid household expenses from her savings during that year and from her earnings afterward until the husband's debts were paid.

After payment of his debts, the husband quit road trucking and took a local job, 8:00 a.m. to 5:00 p.m., Monday through Friday, in order to be at home nights and weekends.

The wife works various days and alternate weekends from 7:00 a.m. to 7:00 p.m. The child is placed in day care while the mother is at work.

The wife has another child from a previous marriage who has bonded with the child of the present marriage.

The husband claims to have been very attentive to the child, taking her to and from school, preparing her meals, and reading to her. When available, he cares for her before and after school instead of the day care center.

Each party concedes that the other is a fit custodian and that the child loves both parents.

One source of dissention between the parties was the desire of the wife to move from Davidson County to Putnam County where her family resides. The husband preferred to continue to reside in Davidson County.

The Trial Judge delivered a lengthy oral discussion of the considerations supporting his judgment, including the following:

> I find both of these parties would be fit custodians.
> - - - -
> I think the physical surrounding of Mrs. Irwin is superior to that of Mr. Irwin.
>
> Religious training, Mr. Irwin has taken the child to church more, so that would be a check in his column. Both parties, as evidenced by the witnesses today, have availability of third party support. I am also going to consider the relationship that this little girl has with her older sister, and obviously that would be a check in favor of the mother. I think both of these parents love this child, and from the testimony presented the child loves both of these parents.
>
> In regard to the primary caretaker of the child, even though Mr. Irwin has made sacrifices in that regard, and he has done a very good job of that, I still find that Mrs. Irwin is the primary caretaker. Continuity of placement and stable environment: The child has lived in this one home for a good portion of her life. Both parties seem to have a stable family

unit; both parties seem to be in good physical and mental health.

- - - -

This is a proper case to allow the mother to be the primary custodian, and I am going to award that.

The noncustodial parent, Mr. Irwin, will be entitled to information on the health, school performance and extracurricular activities of the child. Mrs. Irwin, it is your responsibility to let him know when these events are and let him participate. If you don't let him participate in those events that will be a basis for a change of custody, so you need to be aware of that.

- - - -

In regard to visitation, because Mr. Irwin has convinced this Court that he desires this additional time with his child I'm going to give him more visitation than I normally give. His visitation will be very other weekend, Friday at 5:30 until Sunday at 5:30. Also every Tuesday night he can have visitation from the time he gets off work until 7:30, so he can return the child at that time.

Also he will have extended summer visitation. He will have two weeks in June, that will be the second and third week in June from Sunday to Sunday; he will have two weeks in July, and that will be the second and third week in July, and he will have one week in August, the second week in August.

The review of custody decisions is de novo upon the record with a presumption of correctness unless the evidence preponderates otherwise. *Gaskill v. Gaskill*, Tenn. App. 1996, 936 S.W.2d 626. The evidence does not preponderate otherwise.

Trial Courts are vested with broad discretion in matters of child custody, and appellate courts will not interfere except upon a showing of erroneous exercise of that discretion. *Whitaker v. Whitaker*, Tenn. App. 1997, 957 S.W.2d 834, cert. den. 118 Sct. 1316. There is no showing of an erroneous exercise of that discretion in the present case.

Appellant's second issue is:

II.     Whether the Court erred in failing to award Husband an equal portion of the appreciation in Wife's real property owned prior to the marriage when Husband had made substantial contributions to their appreciation.

-4-

A.    There was no compelling reason for anything other than an equal division of assets.

B.    Husband's request for Roberts Court should have been honored.

The pertinent portion of the judgment of the Trial Court is:

6.    Marital and separate property is divided as follows pursuant to the factors set out in Tenn. Code Ann. § 36-4-121(b):

a.    In regard to the Wife's separate property known as Baywood, Nestledown, and Valley Green, seventy percent (70%) of the appreciated equity during the marriage is awarded to the Wife and thirty percent (30%) of the appreciated equity during the marriage is awarded to Husband.

b.    In regard to the Wife's separate property known as Sulphur Springs, fifty percent (50%) of the appreciated equity during the marriage is awarded to the Wife and fifty percent (50%) of the appreciated equity during the marriage is awarded to Husband.

c.    In regard to the Husband's separate property known as Woodbury, seventy percent (70%) of the appreciated equity during the marriage is awarded to the Husband and thirty percent (30%) of the appreciated equity during the marriage is awarded to Wife.

d.    In regard to the Husband and Wife's marital property known as Roberts Court, fifty percent (50%) of the equity is awarded to the Wife and fifty percent (50%) of the equity is awarded to Husband.

e.    In regard to the Husband and Wife's marital property known as the Weeks Road properties, fifty percent (50%) of the equity is awarded to the Wife and fifty percent (50%) of the equity is awarded to Husband.

f.    In regard to the Husband and Wife's marital property known as Raspberry Lane, sixty percent (60%) of the equity is awarded to the Wife and forty percent (40%) of the equity is awarded to Husband.

In regard to the findings and awards stated in (a) through (f) above, and in lieu of and to prevent a sale of the properties in order to distribute such award, and further to prevent any tax consequences to the parties occassioned by

sale, the court divides and awards the aforesaid properties to the parties as follows:

| Husband | Wife |
|---|---|
| 9708 Woodbury Pk., Murfreesboro | 4528 Baywood, Murfreesboro |
| 1282 Weeks Road, Murfreesboro | 3864 Nestledown Dr., Murfreesboro |
| 1326 Weeks Rd., Murfreesboro | 706 Valley Green Dr., Smyrna |
| | 3818 Sulphur Springs Rd., Murf. |
| | 5105 Roberts Crt., Murfreesboro |
| | 115 Raspberry Lane, Smyrna |

7.     Both parties shall execute the necessary quitclaim deeds as evidence of the real estate division aforesaid, and shall also make best efforts to refinance their individual properties in order to remove the other party from liability on the existing mortgage(s).

The parties stipulated the appreciation in value of the various properties as follows:

Separate Property of Wife:

| | |
|---|---|
| Nestledown Drive | $20,000 |
| Baywood Drive | 16,000 |
| Valley Green Drive | 18,000 |
| Sulphur Springs Road | 23,500 |
| | $77,500 |

Joint Property:

| | |
|---|---|
| Roberts Court | $36,000 |
| Raspberry Lane | 16,925 |
| 1282 Weeks Road | 42,500 |
| 1326 Weeks Road | 50,500 |
| | $145,925 |

Separate Property of Husband:

| | |
|---|---|
| Woodbury Pike | $19,000 |
| 401K | 3,053 |
| Tidal Trust | 1,888 |
| | $23,941 |

Appellant complains of the award of the Roberts Court property to the wife. The wife testified that "we" borrowed the $33,763 down payment using her line of bank credit, that $15,000 was "jointly" financed, that the husband used $3,000 received from his father as part of the down payment, and that he performed considerable labor in improvement of the property. The Trial Court was impressed by the fact that the husband was heavily in debt and unable to contribute much to the purchase of this property and that the wife used her savings and credit to

-6-

provide the purchase price. This cash contribution substantially accounts for the $30,101 difference between the $137,042 distribution to the wife and $106,941 5 to the husband.

Appellant cites *Ellis v. Ellis*, Tenn. 1988, 748 S.W.2d 424, wherein the Supreme Court allowed a husband to share in the $51,700 appreciation of a house owned by the wife because he had contributed $7,540 to the improvement of the house and paid some other expenses. The same authority approved a holding that an "equitable" distribution was not required to be exactly equal.

Appellant cites *Mahaffey v. Mahaffey*, Tenn. App. 1989, 775 S.W.2d 618 which deals with separate property which the parties treated as joint property and this Court held that the overall effect of the distribution of marital assets was equitable.

Appellant complains that the Trial Court allocated various percentages (30%, 60%, 70%) of the various properties to the parties. The Trial Court evidently attempted to distribute various interests in the various properties to produce an equitable division thereof. According to the stipulated values, the wife received a total of $130,425 and the husband received $112,000, which represent a difference of $18,425. However, the Trial Judge stated orally:

> When I made this division of property, just for the record, I considered what Mr. Irwin did in regard to collecting rent, painting and other things that he did. I also considered on the marital property, when I divided the Roberts Court I figured that equity at $30,000, and the reason I did that is because Mrs. Irwin sold her stock and her other items to make a $23,000 down payment, so I wanted her to get those funds back. So I think when you calculate this, if you'd go back there and do that you'll see that there is $23,000 extra that Mrs. Irwin is getting from the Roberts Court because of those contributions that she made.

The $18,425 overall difference is very near to the wife's $23,000 contribution to the pruchase price of the Roberts Court property.

Appellant complains of the consideration given to the testimony of an accountant. The Trial Judge was the best judge of the weight to been given this evidence which is not considered to be determinative of any issue in this appeal.

Finally, appellant pleads for the award of the Roberts property to him because it is more convenient for him to live at that address. Since the values of the various properties have been stipulated, it appears that the parties should be able to agree upon an exchange of properties to accommodate the wishes of one. However, the personal preference of a party is not a ground for disturbing an otherwise correct judgment.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the appellant and his surety. The cause is remanded to the Trial Court for necessary further proceedings.

## AFFIRMED AND REMANDED.

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE