IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 18, 2022

IN RE EMMA F., ET AL.[1]

**Appeal from the Circuit Court for Hamblen County**
**No. 2019CV163      Alex E. Pearson, Judge**

_____

**No. E2021-00852-COA-R3-PT**

_____

This action involves the termination of a mother's parental rights to her minor children. Following a bench trial, the trial court found clear and convincing evidence in support of one statutory ground of termination, the persistence of conditions which led to removal. The court also found that termination was in the best interest of the children. We vacate the judgment of the trial court, holding that the record does not contain clear and convincing evidence to support the sole statutory ground of termination found by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and ANDY D. BENNETT, J., joined.

Brent Hensley, Greeneville, Tennessee, for the appellant, Heather F.

Crystal Jessee, Greeneville, Tennessee, for the appellees, Wayna and Michael J.

**OPINION**

**I.      BACKGROUND**

Emma and Ellie F. (collectively "the Children") were born to Heather ("Mother") and Jordon F. ("Father") in September 2014 and August 2016, respectively. The Tennessee Department of Children's Services ("DCS") removed the Children from the parents in

_____

[1] This court has a policy of protecting the identity of children in parental rights termination cases by initializing the last name of the parties.

March 2019 pursuant to a court order entered in the Hamblen County Juvenile Court.[2] The Children were placed with the paternal grandparents, Wayna and Michael J. (collectively "Petitioners"). DCS provided some services to the parents and crafted a permanency plan.

On December 24, 2019, Petitioners[3] filed a petition to terminate Mother and Father's parental rights in the Hamblen County Circuit Court.[4] Petitioners alleged that termination was warranted based upon the following statutory grounds: (1) abandonment for the willful failure to remit child support, (2) abandonment based upon the failure to provide a suitable home, (3) the persistence of conditions which led to removal, and (4) substantial noncompliance with the permanency plan. Father executed a voluntary surrender of his parental rights. The trial court appointed a guardian ad litem and set a visitation schedule in August 2020, with Mother receiving four hours of weekly visitation.

The hearing on the termination petition was continued until June 3, 2021, at which time several witnesses testified. Mother testified that she and Father are now divorced and that she lives with her grandparents. She confirmed that this is the second time that the Children have been removed from her care. She explained that DCS removed the Children once before due to allegations of drug abuse but that her custody of them was restored once she completed all of the requirements. The Children lived with her for approximately a year and a half prior to the instant removal preceding the termination petition.

Mother explained that she is an addict. She attempted sobriety in October 2019 but has relapsed multiple times since removal. She stated that she has worked continuously, albeit at different places of employment, since removal and that she paid child support once she was made aware of the support order in 2020.

Mother claimed that she maintained regular visitation[5] with the Children until Grandmother accused her of assault and moved for a no contact order in General Sessions Court. Mother's grandmother then facilitated visitation until February 2021, when Grandmother again refused visitation due to Mother's drug use. Mother sought rehabilitation in March 2021 and remained sober until she smoked some marijuana in May 2021. She returned to the rehabilitation center and was released to outpatient services.

---

[2] The Juvenile Court record was not presented to the Circuit Court for consideration.

[3] The original petition did not include Grandfather as a petitioner. Grandparents later filed an amended petition to include him as a petitioner.

[4] DCS has not provided services since that time.

[5] She admitted to missing three or more visits due to drug use.

- 2 -

Father testified concerning Mother's continued drug use. He further stated that he visits with the Children on a bi-weekly basis. He confirmed that he uses marijuana and last used the day before the hearing.

Grandmother admitted that she permitted Father's visitation with the Children on a regular basis under her supervision. She testified concerning Mother's drug use and claimed that Mother attended visitation while under the influence and that, at times, she told Mother to leave due to Mother's behavior. She confirmed that she did not permit visitation for a period of time. She recently informed Mother that she would "work something out" for visitation. She claimed that Mother had not pursued the offer. Petitioners confirmed their ability to provide for the Children and their desire to adopt them upon the termination of Mother's parental rights.

Following the hearing, the trial court found clear and convincing evidence in support of one ground of termination, namely the persistence of conditions which led to removal. The court held that Petitioners failed to prove the remaining grounds. The court further found that termination was in the best interest of the Children. This timely appeal followed.

## II.     ISSUES

We consolidate and restate the issues pertinent to this appeal as follows:

A.      Whether clear and convincing evidence supports the trial court's finding of the statutory ground for termination.

B.      Whether clear and convincing evidence supports the trial court's finding that termination of Mother's parental rights was in the best interest of the Children.

## III.     STANDARD OF REVIEW

Parents have a fundamental right to the care, custody, and control of their children. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988). This right "is among the oldest of the judicially recognized liberty interests protected by the Due Process Clauses of the federal and state constitutions." *In re M.J.B.*, 140 S.W.3d 643, 652-53 (Tenn. Ct. App. 2004). "Termination of a person's rights as a parent is a grave and final decision, irrevocably altering the lives of the parent and child involved and 'severing forever all legal rights and obligations' of the parent." *Means v. Ashby*, 130 S.W.3d 48, 54 (Tenn. Ct. App. 2003) (quoting Tenn. Code Ann. § 36-1-113(I)(1)). "'[F]ew consequences of judicial action are so grave as the severance of natural family ties.'" *M.L.B. v. S.L.J.*, 519 U.S. 102, 119 (1996) (quoting *Santosky v. Kramer*, 455

U.S. 745, 787 (1982)).

Although parental rights are superior to the claims of other persons and the government, they are not absolute and may be terminated upon appropriate statutory grounds. *See In Re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *Blair v. Badenhope*, 77 S.W.3d 137, 141 (Tenn. 2002). Due process requires clear and convincing evidence of the existence of the grounds for termination. *In re Drinnon*, 776 S.W.2d at 97. A parent's rights may be terminated only upon

> (1) [a] finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and (2) [t]hat termination of the parent's or guardian's rights is in the best interest[ ] of the child.

Tenn. Code Ann. § 36-1-113(c). "[A] court must determine that clear and convincing evidence proves not only that statutory grounds exist [for the termination] but also that termination is in the child's best interest." *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). The existence of at least one statutory basis for termination of parental rights will support the trial court's decision to terminate those rights. *In re C.W.W.*, 37 S.W.3d 467, 473 (Tenn. Ct. App. 2000), *abrogated on other grounds by In re Audrey S.*, 182 S.W.3d 838 (Tenn. Ct. App. 2005).

The heightened burden of proof in parental termination cases minimizes the risk of erroneous decisions. *In re C.W.W.*, 37 S.W.3d at 474; *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). "Evidence satisfying the clear and convincing evidence standard establishes that the truth of the facts asserted is highly probable and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *In re Audrey S.*, 182 S.W.3d at 861 (citations omitted). It produces in a fact-finder's mind a firm belief or conviction regarding the truth of the facts sought to be established. *In re A.D.A.*, 84 S.W.3d 592, 596 (Tenn. Ct. App. 2002); *Ray v. Ray*, 83 S.W.3d 726, 733 (Tenn. Ct. App. 2001); *In re C.W.W.*, 37 S.W.3d at 474.

In 2016, the Tennessee Supreme Court provided guidance to this court in reviewing cases involving the termination of parental rights:

> An appellate court reviews a trial court's findings of fact in termination proceedings using the standard of review in Tenn. R. App. P. 13(d). Under Rule 13(d), appellate courts review factual findings de novo on the record and accord these findings a presumption of correctness unless the evidence preponderates otherwise. In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and

convincing evidence of the elements necessary to terminate parental rights. The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review de novo with no presumption of correctness. Additionally, all other questions of law in parental termination appeals, as in other appeals, are reviewed de novo with no presumption of correctness.

*In re Carrington H.*, 483 S.W.3d 507, 523-24 (Tenn. 2016) (citations omitted); *see also In re Gabriella D.*, 531 S.W. 3d 662, 680 (Tenn. 2017).

Lastly, in the event that the "resolution of an issue in a case depends upon the truthfulness of witnesses, the trial judge, who has had the opportunity to observe the witnesses and their manner and demeanor while testifying, is in a far better position than this Court to decide those issues." *In re Navada N.*, 498 S.W.3d 579, 591 (Tenn. Ct. App. 2016) (citing *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997)). "Thus, this court gives great weight to the credibility accorded to a particular witness by the trial court." *In re Christopher J.*, No. W2016-02149-COA-R3-PT, 2017 WL 5992359 at *3 (Tenn. Ct. App. Dec. 4, 2017) (citing *Whitaker*, 957 S.W.2d at 837).

## IV.   DISCUSSION

### A.

Mother argues that clear and convincing evidence was not presented to establish the statutory ground of the persistence of conditions which led to removal. Under Tennessee law, a trial court may terminate parental rights when:

(3)(A) The child has been removed from the home or the physical or legal custody of a parent or guardian for a period of six (6) months *by a court order* entered at any stage of proceedings in which a petition has been filed in the juvenile court alleging that a child is a dependent and neglected child, *and*:

(i)      The conditions that led to the child's removal still persist, preventing the child's safe return to the care of the parent or guardian, or other conditions exist that, in all reasonable probability, would cause the child to be subjected to further abuse or neglect, preventing the child's safe return to the care of the parent or guardian;

(ii)      There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent or guardian in the near future; and

> (iii) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable, and permanent home;

Tenn. Code Ann. § 36-1-113(g)(3) (emphasis added). Termination of parental rights requires clear and convincing evidence of all three factors. *In re Valentine*, 79 S.W.3d at 550. Additionally, the persistence of conditions ground may only be applied "where the prior court order removing the child from the parent's home was based on a judicial finding of dependency, neglect, or abuse." *In re Audrey S.*, 182 S.W.3d at 874. The statute does not require that only the original conditions leading to removal be used to establish grounds for termination. On the contrary, the statute specifically includes both "[t]he conditions that led to the child's removal . . . or other conditions [ ] that, in all reasonable probability, would cause the child to be subjected to further abuse or neglect[.]" Tenn. Code Ann. § 36-1-113(g)(3)(A)(i).

The record before this court does not contain the order of removal or any other like documents from the juvenile court for this court's consideration. The trial court admitted that the scant record limited its ability to sustain the other grounds of termination but nevertheless found clear and convincing evidence in support of the instant ground. We have no doubt that the juvenile court record exists and contains an order of removal most likely based upon Mother's admitted drug use; however, as stated previously by this court, we cannot "assume the existence of facts which are not in the record." *State Dept. of Children's Servs. v. D.W.J.*, No. E2004-02586-COA-R3-CV, 2005 WL 1528367, at *4-5 (Tenn. Ct. App. June 29, 2005) (reversing the termination ground of the persistence of conditions based upon the failure to admit the removal order into the record). Indeed, the "threshold consideration" for this ground is a court order of removal. *In re Allie-Mae K.*, No. M2020-00215-COA-R3-CV, 2020 WL 6887870, at *11-12 (Tenn. Ct. App. Nov. 24, 2020) (reversing the termination ground of the persistence of conditions based upon the failure to admit the removal order into the record). We are unable to determine whether the children were removed from the home by a court order based upon the record provided, a necessary finding to sustain this ground of termination. Accordingly, we reverse this ground of termination and further vacate the order of termination in its entirety.

## B.

Having concluded that there was not clear and convincing evidence supporting at least one statutory ground of termination, consideration of this issue is pretermitted.

## V.    CONCLUSION

The judgment of the trial court is vacated.  The case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellees, Wayna and Michael J.

_____

JOHN W. McCLARTY, JUDGE